**SO ORDERED.**

**SIGNED March 15, 2006.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA

IN RE:

REBECCA ANGELLE                              CASE NO. 03-51832

    Debtor                                   CHAPTER 7
-------------------------------------------------------------------
LOURDES HOSPITAL FEDERAL
    CREDIT UNION

    Plaintiff

VERSUS                                       ADV. PROCEEDING NO. 04-5016

REBECCA ANGELLE

    Defendant
-------------------------------------------------------------------
REASONS FOR DECISION
-------------------------------------------------------------------

Rebecca Angelle ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code[1] on August 14, 2003,

---

[1] Title 11, United States Code. References herein to sections of the Bankruptcy Code are shown as "section ___."

and on that day an order for relief was duly entered. Lourdes Hospital Federal Credit Union ("Credit Union") timely filed the present **COMPLAINT TO DETERMINE DISCHARGEABILITY** ("Complaint"), alleging the Debtor's obligation to the Credit Union was nondischargeable pursuant to the provisions of section 523(a)(2)(A). The trial in this matter was held on September 1, 2005. After receiving evidence, the matter was taken under advisement.

## JURISDICTION

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

## FACTUAL BACKGROUND

On December 13, 2001, the Debtor borrowed the sum of $10,000 from the Credit Union. In connection with the transaction, she executed a loan application and promissory note. She testified that, although she signed the completed loan application, the loan

officer actually filled in the document. This was not the first loan transaction between the parties as the Debtor had made previous loans with the Credit Union and the officers of the Credit Union knew her personally.

The Credit Union also obtained a credit report before approving the loan. Nothwithstanding that the Debtor had a low credit rating and that several debts listed on the credit report were not included on the credit application, the loan was approved.

The Debtor made some payments on the loan but after experiencing financial problems arising from the tax debt of her former husband, she fell behind on this loan as well as other debts and eventually filed for bankruptcy relief.

## LAW AND ANALYSIS

The obvious goal of chapter 7 debtors is the discharge of pre-petition debts. Section 727(a)(1). The discharge, however, does not apply to "any debt for money, property, [or] services ... to the extent obtained by false pretenses, a false representation, or actual fraud[.]" Section 523(a)(2)(A).

In this circuit, cases involving dischargeability of debt under section 523(a)(2)(A) require the following elements of proof: (1) the debtor made a representation; (2) the representation was knowingly false; (3) the representation was made with the intent to deceive; (4) the representation was actually and justifiably relied

Page 3

upon by the creditor; and (5) the creditor sustained a loss as a proximate result of such reliance. <u>Matter of Mercer</u>, 246 F.3d 391, 403 (5th Cir. 2001). The standard of proof is one of preponderance of the evidence. <u>Grogan v. Garner</u>, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

The Credit Union argues that the Debtor intentionally left off certain debts from her credit application in order to obtain approval of her loan request. The Credit Union asserts that had the other debts been listed, the loan would not have been approved.

Clearly the Debtor made a misrepresentation. She signed a document which purported to list all of her debts. The document did not contain all of her debts and was therefore a misrepresentation. The court is not convinced, however, that the representation was knowingly false. The loan application was completed by the loan officer. The evidence was not clear as to how all of the information was obtained, whether by asking the Debtor questions, or by obtaining information from prior loan documents, or by other means. While the court is not holding that a debtor never makes a knowingly false representation when he or she signs a document prepared by someone else, the evidence submitted in this particular case is insufficient for the court to conclude that the Debtor knowingly made a false representation.

Neither is the court persuaded that the Debtor had the requisite intent to deceive. Intent to deceive exists if a debtor intends or has reason to expect the creditor to take action or refrain from taking action in reliance upon the misrepresentation. In <u>Mercer</u>, the court held that if the court finds that a debtor made a knowingly false representation of intent to pay, then the separate requisite intent to deceive is also present. In the instant case, however, the evidence did not establish that the Debtor intended to obtain something by making the false representation. Further, while there is some jurisprudence which finds this element satisfied where the misrepresentation is recklessly made, the court does not believe that the evidence supports such a finding in the instant case.

Most importantly, the Credit Union cannot establish that it relied to is detriment on the misrepresentation. As to this final element of proof required, the Fifth Circuit has observed:

> The reasonableness of a creditor's reliance, in our view, should be judged in light of the totality of the circumstances. The bankruptcy court may consider, among other things: whether there had been previous business dealings with the debtor that gave rise to a relationship of trust; whether there were any "red flags" that would have alerted an ordinarily prudent lender to the possibility that the representations relied upon were not accurate; and whether even minimal investigation would have revealed the inaccuracy of the debtor's representations. [Citation omitted.]

<u>Matter of Coston</u>, 991 F.2d 257, 261 (5th Cir. 1993).

Page 5

In the instant case, there were several "red flags" which came to light prior to the Credit Union approving the loan request. The credit report specifically listed numerous debts which were not included in the Debtor's loan application. Further, the Debtor's credit score was very low. The court does not believe that the approval of the loan was based upon reliance on any representation or misrepresentation made by the Debtor. The Credit Union approved the loan because they were familiar with the Debtor and believed her to be an acceptable risk. In fact, the Debtor may very well have been an acceptable risk had other intervening circumstances not occurred.

For the foregoing reasons, the court finds that the Credit Union has failed to meet its burden of proof in establishing that the debt owed to it is non-dischargeable pursuant to Section 523(a)(2)(A). Accordingly, the Complaint is **DISMISSED**. A separate order in conformity with the foregoing reasons has this day been entered into the record of this proceeding.

###